UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL R. CLARK,<br>Plaintiff, | Case No. 1:12-cv-218 |
| vs. | Speigel, J.<br>Litkovitz, M.J. |
| EVERGREEN SOUTHWEST<br>BEHAVIORIAL HEALTH SERVICES,<br>LLC d/b/a BRIDGEWELL HOSPITAL,<br>Defendant. | **ORDER** |

Plaintiff Michael R. Clark brings this action against defendant Evergreen Southwest Behavioral Health Services, LLC d/b/a Bridgewell Hospital alleging that defendant unlawfully discriminated and retaliated against him on the basis of his sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. This matter is before the Court on plaintiff's motion to compel discovery responses. (Doc. 9). Defendant has not responded to plaintiff's motion to compel and the time for responding to the motion has expired.

Fed. R. Civ. P. 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3). Before making a motion to compel disclosure or discovery, though, the moving party must "in good faith confer[ ] or attempt [ ] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Thus, before moving to compel discovery, a party must first show that it sought discovery from its opponent but was unable to resolve the dispute. *McDermott v. Continental Airlines, Inc.*, 339 F. App'x 552, 560 (6th Cir. 2009) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995)).

Fed. R. Civ. P. 37 further provides that "if [a] motion [to compel] is granted . . . the court

must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order payment, though, if the moving party did not confer in good faith prior to filing the motion to compel, the opposing party's failure to respond was substantially justified, or circumstances exist which make the award unjust. Fed. R. Civ. P 37(a)(5)(A)(i)-(iii).

Plaintiff's counsel asserts that he has tried to obtain the requested discovery on numerous occasions prior to filing the instant motion, but his attempts were unavailing. (Doc. 9 at 2; Exhibit A, Affidavit of Mark Byrne). Plaintiff seeks an order compelling defendant to provide responses to plaintiff's first set of interrogatories and document requests issued on July 19, 2012. Plaintiff further seeks fees and costs associated with the motion under Fed. R. Civ. P. 37. Again, defendant has filed no response to plaintiff's motion.

In light of these unrebutted representations, plaintiff's motion to compel is **GRANTED**. Defendant has **fourteen (14) days** from the date of this order to provide plaintiff with responses to plaintiff's first set of interrogatories and document requests issued on July 19, 2012. As the Court is granting plaintiff's motion to compel and defendant has provided no justification for its failure to provide the requested discovery, the Court also grants plaintiff's request for associated costs and fees. *See* Fed. R. Civ. P. 37(a)(5)(A). Plaintiff is **ORDERED** to file, within **fourteen (14) days**, an affidavit detailing his costs and expenses associated with the filing of the motion to compel. Defendant shall file its response, if any, within **seven (7) days** of receipt of plaintiff's

2

affidavit.

**IT IS SO ORDERED.**

Date: 4/15/13

Karen L. Litkovitz
United States Magistrate Judge